**WO**                                                                                                        LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Steven Price, | No. CV 04-2241-PHX-JAT (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| A. Bjelland, et al., | |
| Defendants. | |

This is a civil rights action filed by a state prisoner. The Court dismissed the action under 28 U.S.C. § 1915(g) for failure to prepay the $250.00 filing fee. Plaintiff filed a timely motion to alter or amend judgment contending that he had not received the Court's Order explaining the ruling. See Dkt. #9. After he received the Order, he filed a notice indicating that he only desired to have additional time to pay the filing fee. See Dkt. #10. Plaintiff then paid the $250.00 filing fee. Consequently, his motion will be denied as moot. In light of his payment of the fee, the Court will screen his action and dismiss it for failure to state a claim.

**A.    Statutory Screening of Prisoner Complaints.**

Although Plaintiff has paid the civil action filing fee, his action is still subject to screening. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

1 may be granted, or that seek monetary relief from a defendant who is immune from such
2 relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured
3 by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the
4 complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th
5 Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can
6 possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court
7 therefore should grant leave to amend if the pleading could be cured by the allegation of
8 other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.
9 Plaintiff's Complaint will be dismissed *without* leave to amend because the defects cannot
10 be corrected.

11 **B.     Complaint.**

12         Plaintiff claims that his due process rights were violated in prison disciplinary
13 procedures arising from his possession of nearly $250.00 worth of postage stamps. Plaintiff
14 sues Arizona Department of Corrections Director Dora Schriro, General Counsel A. Bjelland,
15 Assistant Deputy Warden Rickey Lewis, Captain M. Cook, Officer Britton, Officer Soto, and
16 Officer McGee. The following facts are alleged in Plaintiff's Complaint.

17         On December 5, 2003, Officers Soto and McGee discovered during an inventory
18 search that Plaintiff had 670 stamps worth 37¢ each (nearly $250.00 total) in his possession.
19 Plaintiff alleges that the officers failed to issue a property form, in violation of Director's
20 Order 909.

21         A few days later, on December 10, Officer Britton gave Plaintiff a copy of a
22 disciplinary report made by Officer McGee. The report showed that Plaintiff was charged
23 with "B-13: possession stolen property." Plaintiff protested that the stamps were not stolen.
24 Officer Britton changed the charge to "B-08: disobey policy/rule." Plaintiff asked Britton
25 what policy or rule he had disobeyed, and Britton would not tell him. Plaintiff said that he
26 could not defend the charge and would not attend a hearing without an identification of the
27 policy or rule that he had violated. Britton responded, "Too bad, that's your problem."
28

1 Soon thereafter, on December 15, Captain Cook held a hearing on the charges. Plaintiff refused to attend because he felt railroaded, in part because Officer Britton was both the charging and investigating officer. Cook found that Plaintiff was guilty, based on the disciplinary report and photo evidence. Plaintiff believes there was no evidence to support the charges. As punishment for the disciplinary violation, the stamps were forfeited, he lost thirty days of privileges, and he was required to work an extra forty hours.

Plaintiff claims that McGee, Britton and Cook knowingly brought false charges against him. Plaintiff appealed the guilty finding. Assistant Deputy Warden Lewis found that he had pled guilty during the hearing, even though Officer Britton had filled out a form indicating that there had been "no plea" and even though Lewis knew Plaintiff did not attend the hearing or enter a plea. Lewis affirmed Cook's finding of guilt. Plaintiff believes that Lewis lacked impartiality in the appeal process.

Plaintiff then appealed to the Director of the Department of Corrections. A response was made by A. Bjelland, general counsel for the department, upholding the decision. Plaintiff believes that Bjelland knew there was no evidence to support the charge.

Plaintiff contends that constitutional rights were violated by the deprivation of his property without due process. He claims that he was never given notice of the rule or policy that was violated and that the Defendants were not impartial in the process. For relief, he seeks a declaratory judgment that his due process rights were violated, an order expunging the conviction, compensatory damages equal to the value of the stamps plus interest, and an unspecified amount of punitive damages.

**C.     Failure to State a Claim.**

*1. Privileges*

To the extent that Plaintiff's punishment included the lost thirty days of privileges and extra work, neither punishment implicates a liberty or property interest. A prisoner may challenge a state action which does not restrain a protected liberty interest, but which "nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). "Discipline

- 3 -

1  by prison officials in response to a wide range of misconduct falls within the expected
2  perimeters of the sentence imposed by a court of law." Id. at 481.  Denial of privileges and
3  extra work duties are precisely the type of sanctions that are within the "expected perimeters"
4  of an inmate's sentence and do not demonstrate an atypical and significant hardship in
5  relation to the ordinary incidents of prison life.  Consequently, the Court finds that the loss
6  of privileges and imposition of forty hours of extra work duty does not by itself implicate the
7  due process clause.

*2. Property*

9  Plaintiff also claims that he forfeited $250.00 in stamps that he owned.  This claim
10 implicates a property interest.

11 Due process claims related to prisoner property commonly arise when property is
12 taken or destroyed by random and unauthorized conduct of a prison official, without an
13 opportunity for the State to provide meaningful procedural due process.  Neither intentional
14 or negligent deprivations of property give rise to a due process claim so long as the State
15 provides an adequate post-deprivation remedy.  See Parratt v. Taylor, 451 U.S. 527, 537
16 (1981) and Hudson v. Palmer, 468 U.S. 517, 530-36 (1984).  Predeprivation procedures are
17 impractical when the deprivation of property occurs either intentionally or negligently,
18 because the state cannot know when such deprivations will occur.  Hudson v. Palmer, 468
19 U.S. 517, 533 (1984).

20 This rationale does not apply when a deprivation occurs pursuant to an established
21 state procedure because a post-deprivation hearing is inadequate when the deprivation is not
22 random or where pre-deprivation process would have been practicable.  Logan v.
23 Zimmerman Brush Co., 455 U.S. 422, 435-436 (1982).  Thus, the rationale does not apply
24 when the state could predict a specific point in time that the loss would occur, when it would
25 not be absurd to suggest that the state could hold a pre-deprivation hearing, and when the
26 defendants are authorized to effect the very deprivation complained of and to initiate the
27 procedural safeguards set up by state law to guard against an unlawful deprivation.
28 Zinermon v. Burch, 494 U.S. 113, 136-138 (1990); see also Piatt v. MacDougall, 773 F.2d

1 1032, 1036 (9th Cir. 1985) (same). In these circumstances, a due process challenge to the
2 adequacy of the procedures is not foreclosed. Zimmerman v. City of Oakland, 255 F.3d 734,
3 739 (9th Cir. 2001).

4 Plaintiff's Complaint concerns the actions of state officials under their authority to
5 bring disciplinary charges and hold hearings regarding the charges, as well as their authority
6 to process a prisoner's appeal. Plaintiff's claim is therefore governed by Logan, and the
7 question is whether the procedures accorded him were constitutionally adequate.

**a. False charges**

9 Plaintiff claims that the officers knowingly brought false charges against him. An
10 allegation that false charges were filed is not actionable where procedural due process
11 protections are provided. See Freeman v. Rideout, 808 F.2d 949, 951-52 (2d Cir. 1986)
12 ("prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly
13 accused"), cert. denied, 485 U.S. 982 (1988); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th
14 Cir. 1984) (same). As discussed next, Plaintiff was provided with adequate procedural
15 protections.

**b. Notice**

17 Plaintiff was initially charged with possession of stolen property. When he protested
18 that the stamps belonged to him, the charge was modified to disobeying a policy or rule.
19 Plaintiff contends that the charge of violating a rule or policy was inadequate because he was
20 not informed of the rule or policy that had been violated. A notice is adequate if it gives a
21 person of ordinary intelligence fair notice that his conduct is forbidden. Papachristou v. City
22 of Jacksonville, 405 U.S. 156, 162 (1972).

23 In his Complaint, Plaintiff cites to Director's Order 909, claiming that he was
24 supposed to have been issued a form when his property was taken. That same policy
25 provides that the only source for purchasing stamps is the prison store, and the limit is
26 twenty. ARIZ. DEP'T OF CORR., Dep't Ord. 909.01 (1.2.4) (effective Oct. 11, 1999). Plaintiff
27 had 670 stamps, more than 30 times the limit and thus was patently in violation of the policy.

1  It is common knowledge that stamps are used in the prison as currency, as prisoners 2 are not permitted to possess money.  Their funds are credited to a trust account.  The 3 possession of stamps poses security risks and a policy preventing possession is directly 4 related to eliminating the exchange of contraband among inmates.  See Van Poyck v. 5 Singletary, 106 F.3d 1558, 1560 (11th Cir.) (*per curiam*), cert. denied, 522 U.S. 856 (1997); 6 Little v. Norris, 787 F.2d 1241, 1243 (8th Cir. 1986).  Postage stamps, like cash, are fungible 7 and thus unidentifiable when stolen.  They can also be made the subject of extortion or other 8 criminal activity.

9  In light of the foregoing, a person of ordinary intelligence would have had fair notice 10 that possessing nearly $250.00 worth of stamps would violate a prison policy or rule. 11 Therefore, notifying Plaintiff that he had been charged with violating a rule or a policy, 12 particularly when that charge came after the elimination of a charge of possession of stolen 13 property, was indisputably fair notice.

14 **c. Hearing**

15 Plaintiff contends that he did not attend the hearing on the charges because he 16 believed he was being railroaded.  A constitutionally adequate hearing does not require that 17 the "right" outcome be reached, but that the individual have an opportunity to be heard at a 18 meaningful time and in a meaningful manner.  Brock v. Roadway Express, Inc., 481 U.S. 19 252, 261 (1987); see also Piatt, 773 F.2d at 1036 (deprivation of property requires a 20 "meaningful hearing at a meaningful time").  A hearing may be conducted when the 21 defendant voluntarily absents himself.  See Brewer v. Raines, 670 F.2d 117, 119 (9th Cir. 22 1982) ("When, after sufficient notice, a defendant voluntarily absents himself from any 23 proceeding, he waives any right he has to be present at that proceeding.")  By refusing to 24 attend, Plaintiff waived his right to contest the adequacy of the hearing.

25 **d. Evidence**

26 Plaintiff also claims that there was no evidence to support the charges.  The 27 requirements of due process are satisfied if the decision is supported by "some evidence." 28 See Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445 (1984).

1 Plaintiff admits that nearly $250 worth of stamps were found in his possession. This
2 evidence in and of itself is sufficient to sustain the guilty finding. Plaintiff also contends that
3 on appeal, the assistant deputy warden found that he had pled guilty when he had not. This
4 finding, whether by mistake or intentional, is immaterial in light of the evidence that Plaintiff
5 possessed nearly $250.00 in stamps.

6 In sum, Plaintiff was granted the requisite due process protections before he was
7 deprived of his property. He was given fair notice, he waived a hearing, and there was a
8 sufficient quantum of evidence to support the charges. Consequently, he fails to state a claim
9 for a violation of his due process rights.

10 **IT IS THEREFORE ORDERED THAT:**

11 (1) Plaintiff's Motion to Alter or Amend Judgment (Dkt. #9) is **denied**.

12 (2) The Complaint and this action are **dismissed** for failure to state a claim pursuant
13 to 28 U.S.C. §1915A, and the Clerk of Court shall enter judgment accordingly.

14 (3) The Clerk of Court shall make an entry on the docket in this matter indicating that
15 the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).

16 DATED this 29th day of November, 2005.

James A. Teilborg
United States District Judge